UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JORGE A. AVILES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 4:11-cv-3838 |
| | § | |
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is a Motion to Dismiss (Doc. No. 26) filed by Defendant, the U.S. Equal Employment Opportunity Commission ("EEOC"). After considering this motion, all responses thereto, and the applicable law, the Court finds that the EEOC's motion must be GRANTED.

**I.  BACKGROUND**

Pro se Plaintiff, Jorge A. Aviles ("Plaintiff" or "Aviles"), brings this case against the EEOC seeking to compel the EEOC to issue him a notice of right to sue. Aviles is a former federal employee of the Internal Revenue Service ("IRS"). (Pl. Compl. ¶ 3, Doc. No. 1.) Aviles alleges that he has filed three formal administrative complaints with "the EEO Office of the [IRS]." (*Id.* ¶ 5.) According to Aviles, the IRS "has continuously failed to take any final action or make a reasonable cause determination." (*Id.* ¶ 7.) Aviles believes this failure to take any final action has resulted in the EEOC's failure to process and provide a right to sue letter. (*Id.* ¶ 8.) Aviles urges that, because of the EEOC's failure to provide this letter, "Plaintiff is deemed to

1

have exhausted any and all administrative remedies pursuant to 42 U.S.C. §2000e-16 and EEOC Regulations 29 C.F.R. 1614." (*Id.* ¶ 10.)

Aviles states that, because the IRS has sovereign immunity, Aviles cannot sue the IRS without a right to sue letter from the EEOC. (*Id.* ¶ 11.) Aviles then contends that the EEOC has deprived him of exercising his rights, including his right to trial by jury. (*Id.* ¶ 12.) Ultimately, Aviles seeks a declaratory judgment regarding the EEOC's deprivation of his constitutional rights, as well as an order compelling the EEOC to issue a right to sue letter. The EEOC has filed a Motion to Dismiss, urging that this case must be dismissed both because the Court lacks subject matter jurisdiction, and because Plaintiff fails to state a claim upon which relief can be granted.

## II.     LEGAL STANDARD

### A.  Subject Matter Jurisdiction

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction, and must dismiss a case when the plaintiff fails to establish subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The burden of establishing federal jurisdiction rests on the party seeking the federal forum. *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).

### B. Failure to State a Claim upon which Relief Can Be Granted

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, a complaint must contain sufficient factual matter that, if it were accepted as true, would "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim need not give rise to "probability," but need only plead sufficient facts to allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A pleading also need not contain detailed factual allegations, but go beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citation omitted).

While the court must accept well-pleaded facts as true, *Iqbal*, 129 S. Ct. at 1950, it should neither "strain to find inferences favorable to the plaintiffs" nor "accept 'conclusory allegations, unwarranted deductions, or legal conclusions.'" *R2 Investments LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 362 (5th Cir. 2004)). The court should not evaluate the merits of the allegation, but must satisfy itself only that plaintiff has adequately pled a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III. ANALYSIS

### A. Subject Matter Jurisdiction

The EEOC argues that this Court lacks jurisdiction over Plaintiff's claims and therefore must dismiss this case pursuant to Rule 12(b)(1). Plaintiff's Complaint states that this Court had jurisdiction over the action pursuant to 42 U.S.C. § 1983 ("Section 1983") and 28 U.S.C. § 1331. As another district court in Texas has held, "[s]ubject matter jurisdiction exists . . . to the extent that [the plaintiff's] complaint asserts a claim under . . . 42 U.S.C. §[] 1983." *Newsome v. Equal Empl. Opp. Comm'n*, 1998 WL 792502, at *2 (N.D. Tex. Nov. 5, 1998). In *Newsome*, the court concluded that it had jurisdiction even if the complaint failed to state a claim under Section 1983, noting that "[w]hen a party asserts a challenge to the district court's jurisdiction and also contests the existence of a federal cause of action, as the EEOC has done in this case, the proper procedure is for the district court to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case." *Id.* (citing *Holland/Blue Streak v. Barthelemy*, 849 F.2d 987, 988-89 (5th Cir. 1998). As in *Newsome*, this Court concludes that Plaintiff, who is proceeding pro se, has made his allegations in good faith. Thus, the Court determines that it has subject matter jurisdiction to the extent that Plaintiff brings claims under Section 1983.

### B. Failure To State A Claim Upon Which Relief Can Be Granted

Plaintiff's Complaint, though not entirely clear, appears to allege violations of Section 1983 and 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"). To state a valid claim under Section 1983, Plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See Resident Council of Allen Parkway Village v. U.S. Dep't of Hous. & Urban Dev.*, 980 F.2d 1043, 1050 (5th Cir. 1993), *cert. denied*, 510 U.S. 820 (1993). Plaintiff's Section 1983 claim fails the second prong of this test. The EEOC is a federal agency, so any

4

EEOC official who failed to issue a right to sue letter was acting under color of federal law, not state law. Therefore, to the extent that Plaintiff seeks relief under Section 1983, his claims must be dismissed for failure to state a claim upon which relief can be granted. *See Newsome v. E.E.O.C.*, 1998 WL 792502, at *3 (N.D. Tex. Nov. 5, 1998) (citing *Broadway v. Block*, 694 F.2d 979, 981 (5th Cir. 1982)).

Plaintiff's Title VII claim also must fail, as Title VII does not give plaintiffs the right to bring suit against the EEOC. *See Gibson v. Missouri Pac. R. Co.*, 579 F.2d 890, 891 (5th Cir. 1978) (per curiam). The Section on which Plaintiff bases his claim, 42 U.S.C. § 2000e–16(c), provides a remedy for federal employees who allege that they are victims of unlawful discrimination. Such an employee may file a charge of discrimination with the EEOC, and then, if necessary, may bring suit in a federal district court against the alleged discriminating employer. The only proper defendant in such a suit is the head of the employing agency. *Brown v. General Services Admin.*, 425 U.S. 820 (1976).

Perhaps more importantly for Plaintiff's purposes, he need not pursue this action against the EEOC, as he may proceed against the IRS directly without a right to sue letter from the EEOC. A plaintiff is legally entitled to sue a federal agency for employment discrimination if the employing federal agency fails to take final action on a discrimination charge within 180 days of the initial filing of the charge. 42 U.S.C. § 2000e-16(c). According to documents filed with Plaintiff's Complaint, Plaintiff filed charges with the IRS on May 24, 2010; August 25, 2010; and January 6, 2011. (Doc. No. 2 at 3.) Because more than 180 days have passed since those dates, Plaintiff may sue the IRS in federal court without formal final agency action or a notice of right to sue.

Because Plaintiff fails to state a claim upon which relief can be granted, his Complaint must be dismissed.

## IV. CONCLUSION

In light of the foregoing, the Court concludes that Defendant's Motion to Dismiss must be **GRANTED**. Plaintiff's Complaint is hereby **DISMISSED WITH PREJUDICE**.

This is a **FINAL JUDGMENT**.

**IT IS SO ORDERED.**

**SIGNED** this the 5th day of March, 2012

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE